UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARTFORD UNDERWRITERS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>KRAUS USA, INCORPORATED,<br><br>Defendant. | Case No. 15-cv-05514-JSC<br><br>**ORDER RE: MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Re: Dkt. No. 6 |

Plaintiff Hartford Underwriters Insurance Company ("Plaintiff") brings this subrogation action against Defendant Kraus USA, Inc. ("Defendant") seeking to recover costs it paid on behalf of its insured Susan Grandmaison (the "Ms. Grandmaison") associated with damage to her home as a result of a water leak. Defendant manufactured the bathroom faucet found to be the cause of the damage. Plaintiff filed the two-count complaint against Defendant alleging negligence and strict products liability. (Dkt. No. 1-2.) Now pending before the Court is Plaintiff's motion to strike 13 of the 29 affirmative defenses in Defendant's answer. (Dkt. No. 6.) Having considered the parties' submissions, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS IN PART and DENIES IN PART the motion.

## BACKGROUND

Hartford insures Ms. Grandmaison, who resides in Atherton, California. (Dkt. No. 1-2 ¶¶ 1, 2.) On September 23, 2013, Ms. Grandmaison's home suffered catastrophic damage resulting from a water release event. (*Id.* ¶¶ 8, 10.) The water release was traced to a bathroom faucet manufactured by Defendant. (*Id.* ¶¶ 10-11.) The faucet showed clear signs of failure, including a crack in the plastic water housing that caused the faucet to leak when not firmly shut off. (*Id.* ¶ 12.) Hartford paid $228,440.01 for the damage to Ms. Grandmaison's property. (*See*

*id.* at 9.)

On September 23, 2015, Hartford initiated this subrogation action in San Mateo County Superior Court. (Dkt. No. 1-1.) While the case was still pending there, Defendant filed its answer, which asserts 29 affirmative defenses. (Dkt. No. 1-2.) Shortly thereafter, Defendant timely removed the action to federal court. (Dkt. No. 1.) Plaintiff now moves to strike 13 of Defendant's 29 affirmative defenses. (Dkt. No. 6.)

## LEGAL STANDARD

A court may strike affirmative defenses under Federal Rule of Civil Procedure 12(f) if they present an "insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). A matter is immaterial if it has no essential or important relationship to the claim for relief pleaded. *See Fogerty*, 984 F.2d at 1527. A matter is impertinent if it does not pertain and is not necessary to the issues in question in the case. *See id.*

A defense is insufficiently pled if it fails to give the plaintiff fair notice of the nature of the defense. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). While the Ninth Circuit and other circuit courts have not yet ruled on the issue, the majority of district courts have concluded that the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply to affirmative defenses. *See Jacobson v. Persolve, LLC*, No. 14-CV-00735 LHK, 2014 WL 4090809, at *5 (N.D. Cal. Aug. 19, 2014) (collecting cases); *see also Ear v. Empire Collection Auths., Inc.*, No. 12-1695-SC, 2012 WL 3249514, at *1 (N.D. Cal. Aug. 7, 2012) ("It is true that there is a split within this circuit, but judges in this district have, uniformly so far as the undersigned can tell, adopted the plausibility standard.") (citation omitted). This requires that, "[w]hile a defense need not include extensive factual allegations in order to give fair notice, bare statements reciting mere legal conclusions may not be sufficient." *Perez v. Gordon & Wong Law Grp., P.C.*, No. 11-3323, 2012 WL 1029425, at *8 (N.D. Cal. Mar. 26, 2012). "Just as a plaintiff's complaint must allege enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility, a defendant's

2

pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense." *Perez*, 2012 WL 1029425, at *8 (internal quotation marks omitted). "A defendant need only point to the existence of some identifiable fact that if applicable . . . would make the affirmative defense plausible on its face." *Ear*, 2012 WL 3249514, at *1 (internal quotation marks and citation omitted).

"While a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong public policy favoring resolution on the merits." *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (citation omitted). "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of N.Y. Mellon*, No. 12-846, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)). "If the Court determines that a pleading is deficient, it may strike the pleading and require the non-moving party to submit an amended pleading that includes more specific allegations." *Perez*, 2012 WL 1029425, at *8. When striking an affirmative defense, leave to amend should be freely given so long as no prejudice to the moving party results. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979).

## DISCUSSION

Defendant contends that the pending motion to strike "serves no purpose" because "Plaintiff[ ] will be subject to [the] same discovery and evidentiary challenges regardless of how the Court rules on this motion" and that "this motion has wasted the Court's time" and will "inspire more purely cosmetic motions to edit the pleadings[.]" (Dkt. No. 8 at 2.) Not so. While Defendant urges that its threadbare affirmative defenses give Plaintiff "fair notice," as described above, the pleading standards of *Iqbal* and *Twombly* apply to affirmative defenses and require sufficient facts to render the defenses plausible. Moreover, a motion to strike an insufficient affirmative defense does not require a prejudice showing. (*Id.* (citing *Bottoni v. Sallie Mae, Inc.*,

3

1    No. 10-3602 LB, 2011 WL 3678878, at *2 (N.D. Cal. Aug. 22, 2011).)  Even if prejudice were
2    required, "the burden of conducting discovery regarding irrelevant and unsustainable affirmative
3    defenses constitutes such prejudice." *Bonshahi v. FedEx Corp.*, No. C12-2471 TEH, 2012 WL
4    3638608, at *2 (N.D. Cal. Aug. 22, 2012) (citing *Barnes*, 718 F. Supp. 2d at 1173).  With these
5    principles in mind, the Court addresses the challenged affirmative defenses.

**First and Second Affirmative Defenses: Failure to State a Claim or Cause of Action**.
The first two affirmative defenses respectively allege that the complaint "fails to state facts sufficient to constitute a cause of action" and "fails to state a claim upon which relief can be granted."  (Dkt. No. 1-2 (Answer) ¶¶ 1-2.)  "Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *G&G Closed Circuit Events, LLC v. Nguyen*, No. 10-168, 2010 WL 3749284, at *5 (N.D. Cal. Sept. 23, 2010) (internal quotation marks omitted).  "By contrast, denials of a plaintiff's allegations or allegations that the plaintiff cannot prove the elements of her claims are not affirmative defenses." *Jacobson*, 2014 WL 4090809, at *6 (citation omitted); *see, e.g.*, *Jacobson*, 2014 WL 4090809, at *7; *Bonshahi*, 2012 WL 3638608, at *2 (citations omitted); *Kohler v. Island Rests., LP*, 280 F.R.D. 560, 567 (S.D. Cal. 2012); *J&J Sports Prods., Inc. v. Mendoza-Govan*, No. 10-5123, 2011 WL 1544886, at *3 (N.D. Cal. Apr. 25, 2011); *G&G Closed Circuit Events, LLC v. Nguyen*, No. 10-CV-0168, 2010 WL 3749284, at *5 (N.D. Cal. Sept. 23, 2010); *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.").

Accordingly, the Court GRANTS the motion to strike defenses one and two with prejudice.  However, Defendant may still assert this claim a 12(b)(6) motion.  *See Hernandez v. Dutch Goose, Inc.*, No. 13-3537, 2013 WL 5781476, at *7 (N.D. Cal. Oct. 25, 2013) ("Although struck with prejudice as affirmative defenses, the court makes clear that Defendants are not precluded from arguing, in a motion or at trial, that [Plaintiff] has failed to state a claim."); *see, e.g.*, *Jacobson*, 2014 WL 4090809, at *7.

**Eighth and Ninth Affirmative Defenses: Unclean Hands & Doctrines of Estoppel, Waiver, and Laches**.  The eighth affirmative defense asserts that "all causes of action [ ] are

4

barred under the doctrine of unclean hands." (Dkt. No. 1-2 (Answer) ¶ 8.) Similarly, the ninth asserts that "all causes of action [ ] are barred by the doctrines of estoppel, waiver and laches." (*Id.* ¶ 9.) These affirmative defense may be legally plausible, but are not sufficiently pleaded, as Defendant provides no factual or legal explanation of the claims. Put another way, mere reference to a legal doctrine is not a sufficient affirmative defense absent allegations of supporting facts. *See Bonshahi*, 2012 WL 3638608, at *4 (citation omitted); *see, e.g.*, *Scott v. Fed. Bond & Collection Serv., Inc.*, No. 10-CV-02825-LHK, 2011 WL 176846, at *5 (N.D. Cal. Jan. 19, 2011) (striking bare allegations asserting defenses of unclean hands, estoppel, and waiver, among others); *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1050 (N.D. Cal. 2004) (striking bare allegations of waiver, estoppel, and unclean hands even under pre-*Twombly* pleading standards); *Ansari v. Elec. Doc. Processing, Inc.*, No. 5:12-CV-01245-LHK, 2013 WL 664676, at *3 (N.D. Cal. Feb. 22, 2013) (striking allegation of "estoppel based upon misrepresentations" for lack of factual support). Accordingly, the Court GRANTS Plaintiff's motion to strike affirmative defenses eight and nine with leave to amend.

**Tenth Affirmative Defense: Fair, Reasonable, Good Faith Actions**. The Court next addresses the alleged affirmative defense that Defendant's actions were "fair, reasonable and in good faith." (Dkt. No. 1-2 ¶ 10.) This is the entirety of the alleged affirmative defense; no other facts are alleged. (*Id.*) Plaintiff contends that good faith is not relevant to its claims. (Dkt. No. 6 at 4.) The Court agrees: negligence does not require intent, and products liability is a strict liability claim and thus no mental state is required to establish liability. Affirmative defense ten is therefore immaterial and impertinent. *See Fogerty*, 984 F.2d at 1527. Defendant does not appear to dispute this point, instead asserting the same general argument it made for its other affirmative defenses—that the facts of Plaintiff's actions are unknown and Plaintiff will not be prejudiced by letting the affirmative defense stand. (*See* Dkt. No. 8 at 6-7.) But knowledge of Plaintiff's conduct has nothing to do with Defendant's good faith. The Court therefore GRANTS the motion to strike the tenth affirmative defense with prejudice.

**Twelfth Affirmative Defense: Lack of Jurisdiction.** The twelfth affirmative defense alleges that the Court "lacks jurisdiction over some or all of Plaintiff's alleged claims and causes

of action." (Dkt. No. 1-2 ¶ 12.) That is the entirety of the affirmative defense; there is no basis for the lack of jurisdiction explained. Unlike sufficiency of the pleadings, Rule 12(h) explicitly permits lack of jurisdiction to be pled in an answer so that the defendant can avoid waiving it. *See* Fed. R. Civ. P. 12(h)(1). For lack of jurisdiction, the "requirement that the defendant point to identifiable facts that would put the plaintiff on notice of the basis of the defense is therefore inapplicable." *Ear*, 2012 WL 3249514, at *2. "Another way to say this is that the only allegation material to a Rule 12(h)(1) defense is that the defense exists, so simply invoking the defense as set forth in Rule 12(b) gives a Plaintiff all the notice she needs . . . because it is the plaintiff, not the defendant, who bears the burden of showing that jurisdiction . . . [is] proper." *Id.* The Court therefore DENIES Plaintiff's motion to strike affirmative defense twelve.

**Thirteenth Affirmative Defense: Preemption.** Plaintiff next moves to strike the thirteenth affirmative defense, which states: "Plaintiff's Complaint is preempted by applicable state or federal law." (Dkt. No. 1-2 ¶ 13.) This defense is insufficiently pleaded as the answer offers no factual or legal support for this claim. *See, e.g.*, *Bonshahi*, 2012 WL 3638608, at *4 (striking bare allegation that complaint or claims were preempted); *cf. Miller v. Ghirardelli Chocolate Co.*, No. C 12-04936 LB, 2013 WL 3153388, at *4 (N.D. Cal. June 19, 2013) (declining to strike preemption affirmative defense that alleged the plaintiff's claims were preempted by "FDA labeling requirements and the prohibition on private rights of action to enforce FDA rules"). In other words, because Defendant does not explain the basis for preemption, the Court GRANTS Plaintiff's motion to strike affirmative defense thirteen with leave to amend.

**Fourteenth and Twenty-Fourth Affirmative Defenses: Conditions Precedent and Disclaimer of Warranty**. In the fourteenth affirmative defense, Defendant alleges that "Plaintiff has failed to meet the conditions precedent for bringing a warranty action, including but not limited to privity and notice, and said failure precludes a cause of action for breach of warranty[.]" (Dkt. No. 1-2 ¶ 14.) The twenty-fourth affirmative defense states: "[T]he express and implied warranties alleged to have been made were expressly disclaimed and excluded by the label and other materials pursuant to the law of the State of California, which provide that manufacturers

make no warranties, express or implied, concerning products or their uses which extend beyond the descriptions on the labels or in said materials and that all statements made concerning the products arise only when used as directed." (*Id.* ¶ 24.) The complaint does not allege a breach of warranty cause of action, but rather negligence and strict products liability. (*See* Dkt. No. 1-1.) Defendant contends that Plaintiff's products liability claim, to the extent that it alleges a failure to warn or instruct on the dangers of the product, "would fall within the purview of breach of an implied warranty" and, because plaintiff "might be making" such a claim, the affirmative defenses should stand. (Dkt. No. 8 at 8, 10.) Not so. The complaint is the operative pleading in this matter, and it does not bring a breach of warranty claim. An affirmative defense to a breach of warranty claim is therefore both immaterial—as it has no relationship to a claim pleaded—and impertinent, as it is not necessary to decide the negligence and products liability questions in the case. *See Fogerty*, 984 F.2d at 1527. Defendant will not be prejudiced if these defenses are stricken: in the event Plaintiff amends the complaint to include a breach of warranty claim, the addition of a new cause of action will provide Defendant good cause to amend its answer to assert affirmative defenses responsive to the newly-added claim. Accordingly, the Court GRANTS Plaintiff's motion to strike affirmative defenses fourteen and twenty-four without prejudice to Defendant re-asserting them if Plaintiff asserts a breach of warranty cause of action.

**Fifteenth Affirmative Defense: Representations.** The Court next addresses Plaintiff's motion to strike the fifteenth affirmative defense, which alleges that "Plaintiff cannot establish that Defendant . . . has made any statements or representations to him concerning the subject product." (Dkt. No. 1-2 ¶ 15.) In the second cause of action, Plaintiff alleges that Defendant "failed to provide adequate warnings or instructions regarding the dangers associated with the design and manufacture of the subject faucet[.]" (Dkt. No. 1-1 ¶ 24.) The fifteenth affirmative defense appears to be nothing more than a denial of that allegation, which is not an affirmative defense. *See Zivkovic*, 302 F.3d at 1088. Defendant's opposition to the motion to strike this defense is nonsensical. It argues that the defense should be permitted to survive because "Plaintiff's actions in paying the claim . . . are unknown at this time." (Dkt. No. 8 at 8.) But Plaintiff's actions are irrelevant to whether Defendant made any statements about the product to Plaintiff. For each of

7

1    these reasons, the Court GRANTS Plaintiff's motion to strike the fifteenth affirmative defense
2    with prejudice. This order is without prejudice to Defendant arguing in a motion or at trial that
3    Plaintiff has failed to allege or establish that Defendant made statements about the product.

4    **Eighteenth and Twenty-Second Affirmative Defenses: Alternative Causes or Source**.
5    The eighteenth cause of action alleges that Plaintiff's "alleged damages were caused by a pre-
6    existing, intervening, or superseding cause." (Dkt. No. 1-2 ¶ 18.) Relatedly, the twenty-second
7    alleges that the damages were "caused by a source other than the product in question." (*Id.* ¶ 22.)
8    Neither defense is pled with sufficient particularity to give Plaintiff fair notice of the basis for the
9    defense. Defendant does not allege who, besides Defendant, may have caused Plaintiff's
10   damages. It does not indicate what conduct by plaintiff or third parties allegedly caused the
11   damages or what product other than Defendant's faucet caused the damage. *Cf. J&J Sports*
12   *Prods., Inc.*, 2011 WL 1544886, at *4 (striking bare allegation that plaintiff's damages were
13   "proximately caused or contributed to by conduct not attributed to defendant"); *Nguyen*, 2010 WL
14   3749284, at *2 (finding the defense of "superseding acts of third persons" to be insufficiently pled
15   because the defendants did not identify any superseding acts). Defendant urges that "[d]iscovery
16   will reveal what alternative causes of the loss may be" and requiring Defendant to state the facts
17   now would be premature, since Defendant "ha[s] not had a chance to investigate the claims[.]"
18   (Dkt. No. 8 at 8, 9.) Defendant cites no case that holds that it is entitled to plead an affirmative
19   defense without factual support on the off-chance that discovery may reveal facts that support it.
20   And indeed, such an approach flips the pleading standard of *Twombly* and *Iqbal* on its head.
21   Accordingly, the Court GRANTS Plaintiff's motion to strike affirmative defenses eighteen and
22   twenty-two without prejudice. If these defenses are actually affirmative defenses that must be
23   pled in an answer, and Defendant does not have sufficient information to plead them at this time,
24   Defendant can move to amend its answer to plead them when it can do so in good faith and with
25   sufficient factual allegations.

26   **Twenty-Seventh Affirmative Defense: Reservation**. The twenty-seventh affirmative
27   defense is a reservation of the right to amend the answer. This is not an affirmative defense. *See*
28   *G&G Closed Circuit Events, LLC*, 2010 WL 3749284, at *5. "Moreover, to the extent that the

8

reservation defense attempts to preserve rights already preserved by the Federal Rules, it is duplicative." *Id.* (citation omitted). Defendant appears to concede as much, and has withdrawn this affirmative defense.

## CONCLUSION

For the reasons described above, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion to strike Defendant's affirmative defenses. Specifically, the Court declines to strike the twelfth affirmative defense alleging lack of jurisdiction. The Court strikes the first, second and tenth, and fifteenth affirmative defenses with prejudice, although Defendant may properly raise these arguments in a motion or at trial. The Court strikes the eighth, ninth, thirteenth, fourteenth, eighteenth, twenty-second, and twenty-fourth affirmative defenses with leave to amend consistent with the discussion above. Defendant has withdrawn the twenty-seventh affirmative defense. Defendant shall file an amended answer by January 25, 2016.

This Order disposes of Docket No. 6.

**IT IS SO ORDERED.**

Dated: January 12, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge